**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TIMOTHY GRADY BEACH,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-01160** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM

Before the court is Timothy Beach's Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), seeking to vacate the sentence entered upon his 2008 criminal conviction in *United States v. Beach*, No. 3:07-cr-00029 (M.D. Tenn. April 9 2008) (Judgment, Doc. No. 48),[1] under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. No. 1.) For the reasons set forth herein, the motion will be denied.

### I.    PROCEDURAL BACKGROUND

On January 31, 2007, a federal grand jury indicted Beach on one charge of being a previously convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Crim. Doc. No. 1.) On January 22, 2008, Beach submitted a written Petition to Enter Plea of Guilty. (Crim. Doc. No. 39.) At the sentencing hearing conducted on April 7, 2008, Beach, through counsel, objected to sentencing under the ACCA on the basis that the prior convictions were not alleged in the Indictment, but he did not object to the characterization of any of the

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

prior convictions as predicate felonies under the ACCA.

The ACCA predicate felonies identified in the Presentence Report included Tennessee convictions for (1) second degree murder (conviction date, June 13, 1978); (2) aggravated sexual battery (conviction date, December 14, 1987); (3) assault with intent to commit murder (conviction date, December 14, 1987); (4) kidnapping (conviction date, August 14, 2003); and (5) robbery (conviction date, August 14, 2003). (Crim. Doc. No. 51 ¶ 21.)

The court overruled the defendant's objections to sentencing under the ACCA and sentenced him on April 7, 2008 to 180 months in prison, to be followed by five years of supervised release. Judgment was entered on April 9, 2008. (Crim. Doc. No. 48.) Beach appealed the ACCA enhancement on the grounds that it had not been alleged in the Indictment, but the Sixth Circuit affirmed the judgment and sentence. *United States v. Beach*, 325 F. App'x 402 (6th Cir. 2009).

Beach filed his Motion to Vacate, through counsel, on June 3, 2016, citing *Johnson* and arguing that four of his five prior convictions would only qualify as predicate offenses under the now-invalidated residual clause of the ACCA. (Doc. No. 1.) The government responded (Doc. No. 9), arguing that *Johnson* did not affect Beach's sentencing under the ACCA. The movant, through counsel, filed a Reply. (Doc. No. 10.)

Beach does not dispute that his robbery conviction continues to qualify as a crime of violence. The government does not address the kidnapping conviction but argues that the other three convictions—for second degree murder, aggravated sexual battery, and assault with intent to commit murder—all qualify as crimes of violence under the "use of force" clause of the ACCA. As set forth below, the court finds that, besides robbery, the convictions for second degree murder and assault with intent to commit murder categorically qualify as crimes of violence under the ACCA. Because the movant has the requisite three prior convictions without

them, the court does not address the question of whether the kidnapping and aggravated sexual battery convictions would also qualify as violent felonies for purposes of the ACCA.

## II.    LEGAL FRAMEWORK

### A.    28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

### B.    The ACCA and *Johnson v. United States*

Beach pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a previously convicted felon to possess any firearm or ammunition that has been transported in interstate commerce. The ACCA, 18 U.S.C. § 924(e), mandates a minimum sentence of fifteen years for any person convicted under § 922(g)(1) who has "three previous convictions . . . for a violent felony or a serious drug offense." The predicate offenses at issue here clearly do not constitute drug offenses. The question is whether they qualify as violent felonies.

Section 924(e)(2)(B) defines "violent felony" as follows:

(2) As used in this subsection—

\* \* \*

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The first prong of that definition, § 924(e)(2)(B)(i), is known as the "use-of-force" or "elements" clause. *Davis v. United States,* 900 F.3d 733, 735 (6th Cir. 2018), *cert. denied*, No. 18-6706, 2019 WL 1318598 (Mar. 25, 2019); *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 273 (2017). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated-offense clause"; the second part ("conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause." *Davis*, 900 F.3d at 735.

In *Johnson*, the Supreme Court invalidated the residual clause as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563. The Supreme Court subsequently recognized that *Johnson* had announced a new substantive rule that has retroactive effect in cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), thus authorizing this otherwise untimely § 2255 motion.

Despite invalidation of the residual clause, the other parts of the ACCA remain valid and enforceable. Thus, if a defendant was previously found to have the requisite number of predicate offenses under the ACCA, but the prior offenses were deemed to qualify only under the residual clause—or the court and the parties merely assumed that the offenses qualified without analyzing

under which clause of the ACCA—courts faced with a *Johnson* motion are called upon to consider whether the underlying offenses qualify under the use-of-force or enumerated-offense clause. Although these provisions remain valid, the courts have continued to struggle with the definitions contained there as well.

Courts apply a "categorical approach" to determine whether a prior conviction qualifies as a "violent felony" under either of these clauses *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). That means that the courts "look to the statutory definition of the state offense rather than the underlying facts of the conviction. *Id.* (citing *James v. United State*s, 550 U.S. 192, 202 (2007)). "This approach avoid[s] the practical difficulties and potential unfairness of permitting a sentencing court to relitigate facts and delve into the details of a prior conviction." *Id.* (internal quotation marks and citation omitted). If the state law offense categorically requires the elements listed in § 924(e)(2)(B)(i), it may serve as a predicate "violent felony." *See id.* at 1059 (holding that Tennessee robbery is categorically a violent felony).

The Supreme Court has also authorized the application of the so-called "modified categorical approach" under certain circumstances. *Descamps v. United States*, 570 U.S. 254, 257 (2013). This approach is triggered by "divisible statute[s]." *Id.* A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute that, for example, defines aggravated assault as either causing serious injury *or* causing injury with a weapon creates two distinct crimes with different elements. *See, e.g.*, *Davis*, 900 F.3d at 736. The modified categorical approach allows courts to examine certain records ("for example, the indictment, jury instructions, or plea agreement and colloquy") to ascertain which offense the defendant committed. *Mathis*, 136 S. Ct. at 2249. Some statutes, however, will list only separate means (such as using "a 'knife, gun, bat, or similar weapon'") to commit a single crime ("use of a 'deadly weapon'"). *Id.* (citation omitted). This

type of statute is deemed indivisible and requires courts to apply the categorical approach, by asking if the least forceful "means" of committing the crime falls within the use-of-force clause. *Id.* at 2251–57.

Specifically regarding that clause, the Supreme Court has explained that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). *Johnson I*, however, concerned the degree of force necessary for misdemeanor battery under Florida law, which did not require resistance or even physical aversion on the part of the victim. Rather, the "slightest offensive touching" would qualify. *Id.* at 139. In *Stokeling v. United States*, 139 S. Ct. 544 (2019), the Supreme Court addressed the degree of force required for a robbery conviction to qualify as an ACCA predicate. There, the Court reaffirmed the holding in *Johnson I* but clarified that the degree of force required by the elements clause of the ACCA, as applied to robbery statutes, was that force sufficient "to overcome the victim's resistance." *Id.* at 550.

*Stokeling* makes it clear that Beach's Tennessee robbery conviction still qualifies as a crime of violence.[2] But the Sixth Circuit has also applied it to the analysis of whether other crimes involve the requisite degree of force needed to qualify as an ACCA predicate offense.

## III.   ANALYSIS

### A.      Assault with Intent to Commit Murder

Beach was convicted of assault with intent to commit murder in violation of Tennessee

---

[2] In addition, following *Mathis v. United States*, 136 S. Ct. 2232 (2016), the Sixth Circuit has continued to hold that Tennessee robbery is categorically a violent felony. *See United States v. Yates*, 866 F.3d 723, 733 (6th Cir. 2017) ("[P]recedent from this circuit supports the conclusion that generic robbery requires a confrontation that at the very least implies the threat of violence." (citing *Mitchell*, 743 F.3d at 1062)); *United States v. Southers*, 866 F.3d 364, 366-68 (6th Cir. 2017) (reaffirming that Tennessee robbery is categorically a violent felony under the ACCA); *United States v. Lester*, No. 17-5230, 2017 WL 5900646, at *3 (6th Cir. Nov. 30, 2017) (holding that *Mitchell* "continues to govern" after *Mathis*).

law in 1987. The relevant statutory provision in effect at that time provided as follows:

> Whoever shall feloniously and with malice aforethought assault any person, with intent to commit murder in the first degree, or shall administer or attempt to give any poison for that purpose, though death shall not ensue, shall, on conviction, be imprisoned in the state penitentiary for not less than five (5) nor more than twenty-five (25) years.

Tenn. Code Ann. § 39-2-103(a) (1982) (repealed by 1989 Tenn. Pub. Acts 1169 § 1).

Citing *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), Beach argues that (1) the statute is not divisible; and (2) the crime defined by it only qualifies as a crime of violence under the residual clause, because an attempt to administer poison, the least forceful means of violating the statute, does not necessarily require force or violence. In *Jones*, which predated *Johnson*, the Sixth Circuit held that a violation of § 39-2-103(a) qualified as an ACCA predicate offense under the residual clause, without addressing whether it qualified under the use-of-force clause:

> This statute does not necessarily require use of physical force, because it includes poisoning, which need not involve direct physical contact or force. We need not decide the issue because even if Defendant's conviction did not fit the use of physical force provision, it fits within the residual provision.

*Jones*, 673 F.3d at 506.

The Sixth Circuit has now addressed the question it skirted in *Jones*. In *Banks v. United States*, No. 18-5510, 2019 WL 2149658 (6th Cir. May 15, 2019), the court held, first, following a lengthy examination of the treatment of the statute by the Tennessee courts, that § 39-2-103(a) is divisible, meaning that courts can apply the modified categorical approach to determine whether it was committed in a particular case by assault or, instead, by poisoning or attempted poisoning. 2019 WL 2149658, at *3–5. Second, the court held that the assault offense defined in the statute satisfies the elements clause of the ACCA. *Id.* at *5–7 (citing *Stokeling*, 139 S. Ct. at 553).

Applying *Banks* to the case at bar, the court finds that Beach's underlying conviction qualifies as a crime of violence. The government has introduced the Indictment charging Beach

with this crime. Because the statute is divisible, the court applies the modified categorical approach; consideration of the Indictment is permitted to determine which version of the crime was charged in this case. *Mathis*, 136 S. Ct. at 2249. The Indictment clearly charges Beach with the assault version of the offense. It charges that the defendant

> unlawfully, feloniously, wilfully, deliberately, premeditatedly and maliciously did make an assault upon the body of one Scott Allen with the unlawful and felonious intent, then and there, [upon] the said Scott Allen, unlawfully, feloniously, wilfully, deliberately, premeditatedly, and with malice aforethought, to kill, and upon him to commit the crime and felony of murder in the first degree, against the peace and dignity of the State of Tennessee.

(Doc. No. 9-1.)

Under clear Sixth Circuit precedent, this offense qualifies as an ACCA crime of violence under the use-of-force clause.

### B.    Second Degree Murder

Beach was convicted of second degree murder in 1978. At that time, Tennessee statute defined first degree murder as "[e]very murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing." Tenn. Code Ann. § 2402(a). "All other kinds of murder shall be deemed murder in the second degree." Tenn. Code Ann. § 2403(a); *see also State v. McFarlin*, No. M2010-00853-CCA-R3CD, 2012 WL 76902, at *12 (Tenn. Crim. App. Jan. 9, 2012).

"From the beginning," a conviction for first degree murder required proof that the killing was committed "willfully, that is, of purpose, with intent that the act by which the life of a party is taken should have that effect; deliberately, that is, with cool purpose; maliciously, that is, with malice aforethought; and with premeditation, that is, a design must be formed to kill, before the act, by which the death is produced, is performed." *State v. Brown*, 836 S.W.2d 530, 538 (Tenn. 1992) (quoting *Dale v. State*, 18 Tenn. (10 Yer.) 551, 552 (1837)). Second degree murder

requires intent to kill and malice, but not deliberation or premeditation. *Id.* Manslaughter, as distinct from murder, was defined as "the unlawful and intentional killing by one of another, without malice, but upon a sudden heat or passion produced by provocation adequate to obscure the reason of an ordinary man." *Smith v. State*, 370 S.W.2d 543, 545 (Tenn. 1963).

The Sixth Circuit has confirmed as a general matter that the "crimes requiring proof of serious physical injury necessarily require proof of violent physical force," for purposes of the ACCA. *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017), *cert. denied*, 139 S. Ct. 63 (2018). Likewise, in *United States v. Jackson*, 655 F. App'x 290, 292 (6th Cir. 2016), the court rejected the defendant's argument that the crime of voluntary manslaughter under Georgia law did not qualify as a crime of violence under the ACCA, because, although the statute required that one "cause[] the death of another human being," it did not necessarily require the use of physical force. As the court explained,

> Georgia's voluntary manslaughter statute does not contain an express element requiring the use, attempted use, or threat of physical force. However, . . . proof that a person "cause[d] the death of another human being under circumstances which would otherwise be murder," [Ga. Code Ann.] § 16-5-2(a), necessarily requires proof that the individual used force capable of causing physical pain or injury. Although Jackson attempts to counter this logic by identifying possible factual scenarios in which an individual might "cause[ ] the death of another human being" without the use of force, like poisoning or laying a trap, we rejected that argument in *Anderson*, agreeing with the Seventh Circuit that "a defendant's deceit or fraud on the will of a victim which causes serious bodily injury is 'equivalent' to the use of force."

*Jackson*, 655 F. App'x at 292–93 (quoting *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012)); *accord Young v. United States*, No. 15-2575-STA-tmp, 2016 WL 8711562 (W.D. Tenn. Dec. 16, 2016) (holding that attempted second degree murder, under Tennessee's 2001 statute defining second degree murder, in part, as the "knowing killing of another," qualified as a crime of violence under the ACCA (citing *Jackson*)).

In short, a killing undertaken with malice and the intent to cause death necessarily

requires the use of violent physical force. Second degree murder under the statute in effect in 1978 was a crime of violence.

## III.     CONCLUSION

Because Beach had at least three previous convictions that qualified, and still qualify, as crimes of violence under the use-of-force clause, he was appropriately sentenced under the ACCA. His Motion to Vacate will be denied without a hearing.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court finds that Beach's claims do not warrant further attention, the court will deny a COA.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge